FILED
2021 JAN 29 PM 2:38
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JERRY SMETHURST,<br><br>                      Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #4:20-cv-00042 PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Jerry Smethurst's appeal from the decision of the Social Security Administration denying his application for disability, disability insurance benefits, and supplemental security income. The Court held oral arguments on January 28, 2021. Having considered the arguments of the parties, reviewed the record and relevant case law, and being otherwise fully informed, the Court will reverse and remand the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

consider all of the evidence, although she is not required to discuss all of the evidence.[3]  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[4]  The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5]  However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II.  BACKGROUND

A.  PROCEDURAL HISTORY

In February 2012, Plaintiff filed an application for disability and disability insurance benefits, as well as supplemental security income, alleging disability beginning on October 15, 2011.[7]  The claim was denied initially and upon reconsideration.[8]  Plaintiff then requested a hearing before an ALJ, which was held on February 18, 2014.[9]  The ALJ issued a partially favorable decision, finding that Plaintiff was disabled as of August 22, 2013.[10]  Plaintiff appealed to the Appeals Council, which remanded the case back to the ALJ.[11]

---

[3] *Id.* at 1009–10.

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 363–69, 370–78.

[8] *Id.* at 160–63.

[9] *Id.* at 89–131.

[10] *Id.* at 192–215.

[11] *Id.* at 281, 217–21.

A remand hearing was held on June 22, 2016.[12] The ALJ issued an unfavorable decision on November 10, 2016.[13] The Appeals Council denied Plaintiff's request for review on May 15, 2017.[14] Plaintiff appealed to this Court in June 2017.[15] The Commissioner filed an unopposed motion to remand, which the Court granted.[16]

A second remand hearing was held on March 5, 2019.[17] The ALJ once again issued an unfavorable decision on May 23, 2019.[18] The Appeals Council denied review on March 13, 2020,[19] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[20]

On April 27, 2020, Plaintiff filed his complaint in this case.[21] On July 15, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[22] The Commissioner filed his answer and the administrative record on September 21, 2020.[23]

---

[12] *Id.* at 48–88.
[13] *Id.* at 23–47.
[14] *Id.* at 7–12.
[15] *Id.* at 1–6.
[16] *Id.* at 897–98.
[17] *Id.* at 834–59.
[18] *Id.* at 808–33.
[19] *Id.* at 801–07.
[20] 20 C.F.R. § 422.210(a).
[21] Docket No. 3.
[22] Docket No. 11.
[23] Docket Nos. 14–17.

Plaintiff filed his Opening Brief on October 23, 2020.[24] Defendant filed his Answer Brief on November 27, 2020.[25] Plaintiff filed his Reply Brief on December 11, 2020.[26]

B.   MEDICAL HISTORY

Plaintiff alleged disability based on back and leg pain, a hand injury, high blood pressure, depression, anxiety, and irritable bowel syndrome.[27] Plaintiff also reported a torn right rotator cuff that limits his movement.[28]

In 2010, Plaintiff suffered fractures and lacerations on his dominant left hand while working on a radiator fan.[29] Plaintiff's injury required surgery, resulting in a partial amputation.[30] Plaintiff underwent another surgery in January 2011.[31] In April 2011, Plaintiff was diagnosed with complex regional pain syndrome in his upper left extremity and was treated

---

[24] Docket No. 20.
[25] Docket No. 22.
[26] Docket No. 24.
[27] R. at 432.
[28] *Id.* at 452.
[29] *Id.* at 556.
[30] *Id.* at 557.
[31] *Id.* at 574.

with ganglion block injections.[32] Plaintiff continued to report pain.[33] Plaintiff's pain has been treated with medication, which helped somewhat.[34]

In June 2012, Plaintiff underwent x-rays. These showed moderate degenerative changes of the lumbar spine.[35] He had mild progression of degenerative changes in the thoracic spine.[36] He also had osteopenia and degenerative changes in his right shoulder.[37]

C.   HEARING TESTIMONY

At the initial hearing, Plaintiff testified that he used to work as a diesel mechanic before he injured his hand, which made him unable to complete that work.[38] Plaintiff stated that he was able to go grocery shopping and do his laundry.[39]

---

[32] *Id.* at 587.

[33] *Id.* at 611–31, 657, 663, 669, 675, 681, 687, 693, 699, 722, 725, 728, 731, 734, 737, 740, 743, 746, 749, 753, 756, 761, 765, 769, 773, 1096, 1102, 1107, 1112, 1117, 1122, 1127, 1132, 1137, 1142, 1147, 1152, 1157, 1162, 1167, 1171, 1175, 1179, 1183, 1187, 1191, 1195, 1199, 1203, 1208, 1212, 1216, 1220, 1224, 1228, 1232, 1236, 1240, 1244, 1248, 1253, 1257, 1261, 1265, 1269, 1273, 1277, 1281, 1285, 1289, 1293, 1297, 1301, 1305, 1309, 1313, 1317, 1322, 1326, 1331, 1336, 1340, 1344, 1348, 1352, 1356, 1360.

[34] *Id.* at 661, 663, 668, 669, 673, 675, 680, 681, 686, 687, 692, 693, 697, 699, 703, 724, 727, 730, 733, 736, 739, 742, 745, 748, 751, 755, 758, 763, 768, 772, 776, 1097, 1103, 1108, 1113, 1118, 1123, 1128, 1133, 1138, 1143, 1150, 1155, 1160, 1165, 1170, 1174, 1178, 1182, 1186, 1190, 1194, 1198, 1202, 1206, 1338, 1342, 1346, 1350, 1354, 1358, 1362.

[35] *Id.* at 646.

[36] *Id.* at 647.

[37] *Id.* at 648.

[38] *Id.* at 97–100.

[39] *Id.* at 102.

At the remand hearing, Plaintiff testified that his back and shoulder pain prevented him from working.[40] His pain limited how long he could walk and sit before needing to lie down.[41] He stated that he took pain medication to treat his back.[42] Plaintiff testified that he had rage issues and was on a waiting list to obtain treatment.[43] Plaintiff also stated that he suffered from irritable bowel syndrome, which required him to be close to a bathroom at all times.[44] Plaintiff testified that he was able to care for his animals and was able to clean up after himself.[45] However, he stated that he required help with laundry, vacuuming, and grocery shopping.[46]

During the second remand hearing, the ALJ received testimony from a vocational expert. In response to a hypothetical question from the ALJ about an individual with Plaintiff's RFC, the vocational expert identified three positions that such a person would be able to perform: furniture rental clerk, dealer accounts investigator, and courier messenger.[47]

D.  THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 15, 2011, the alleged onset date.[48] At step two, the ALJ found that

---

[40] *Id.* at 60.
[41] *Id.* at 66–67.
[42] *Id.* at 62.
[43] *Id.*
[44] *Id.* at 67.
[45] *Id.* at 63.
[46] *Id.* at 64.
[47] *Id.* at 845–46.
[48] *Id.* at 813.

Plaintiff suffered from the following severe impairments:  obesity, status post left hand injury with surgical repairs and a partial left index finger amputation, pain disorder associated with both medical and psychological conditions, degenerative disc disease of the thoracic and lumbar spine, and osteopenia and degenerative changes at the right shoulder.[49]  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[50]  The ALJ determined that Plaintiff had the residual functional capacity to perform light work with certain modifications.[51]  At step four, the ALJ determined that Plaintiff could not perform any past relevant work.[52]  At step five, the ALJ found that there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, he was not disabled.[53]

## III.  DISCUSSION

Plaintiff raises two issues in his brief:  whether the ALJ failed to properly evaluate the medical opinion evidence and whether the ALJ erred at step five of the evaluation process.  The Court agrees that the ALJ erred at step five and will limit its discussion to that issue.

"On step five, after the claimant has established at step four that he or she cannot return to his or her past relevant work, the burden shifts to the Secretary to how that the claimant retains the residual functional capacity (RFC) to do other work that exists in the national economy."[54]

---

[49] *Id.* at 813–14.

[50] *Id.* at 814.

[51] *Id.* at 814–23.

[52] *Id*. at 823–24.

[53] *Id.* at 824–25.

[54] *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

7

Vocational expert testimony that the plaintiff is capable of performing one or more occupations that exist in significant numbers in the national economy is sufficient to meet the Commissioner's burden at step five.[55]

In response to the ALJ's hypothetical question at the second remand hearing, the vocational expert identified three positions that a person with Plaintiff's RFC could perform: furniture rental clerk, dealer accounts investigator, and courier messenger.  The ALJ relied on this testimony in finding that Plaintiff could perform these jobs.  Plaintiff argues, and the Commissioner concedes, that at least two of these positions are not consistent with the ALJ's RFC assessment.  Nevertheless, the Commissioner argues that any such error is harmless because a third position—furniture rental clerk—exists in significant numbers in the national economy.

Harmless error occurs "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[56]  The Commissioner is correct that any error at step five may be harmless where there remain significant jobs in the national economy that Plaintiff could perform.[57]  The vocational expert's testimony that there exist over 50,000 furniture rental clerk positions in the national economy is likely sufficient to meet this requirement.

---

[55] *See* 20 C.F.R. § 404.1566(e); *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).

[56] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[57] *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

However, as Plaintiff argues in his Reply Brief, it is less than clear that a person with Plaintiff's RFC could perform such work.[58] Specifically, the RFC articulated by the ALJ limited Plaintiff to "occasional contact with others."[59] Yet the DOT description of furniture rental clerk requires much more than occasional contact with others. The description of that position states:

> Talks to customer to determine furniture preferences and requirements. Guides or accompanies customer through showroom, answers questions, and advises customer on compatibility of various styles and colors of furniture items. Compiles list of customer-selected items. Computes rental fee, explains rental terms, and presents list to customer for approval. Prepares order form and lease agreement, explains terms of lease to customer, and obtains customer signature. Obtains credit information from customer. Forwards forms to credit office for verification of customer credit status and approval of order. Collects initial payment from customer. Contacts customers to encourage followup transactions. May visit commercial customer site to solicit rental contracts, or review floor plans of new construction and suggest suitable furnishings. May sell furniture or accessories.[60]

In addition, this job requires "significant" interaction with people, "dealing with people," and "influencing people in their opinions, attitudes, and judgements."[61]

While the vocational expert stated that his testimony was consistent with the DOT,[62] this does not appear to be the case. The ALJ did not discuss or resolve this apparent discrepancy between the RFC and the requirements of the furniture rental clerk position. This error, combined with the other errors in the vocational expert's testimony, shows that his testimony cannot support the Commissioner's step five finding. Because the step five finding is not

---

[58] While the Commissioner correctly noted at the hearing that arguments raised for the first time in reply are generally waived, the Court finds that Plaintiff's argument is responsive to the issues raised the Commissioner's Answer Brief. Therefore, it will be considered.

[59] R. at 814.

[60] DOT 295.357-018, 1991 WL 672589.

[61] *Id.*

[62] R. at 846.

supported by substantial evidence, remand is required.[63] The Court will not reach the other issues raised by Plaintiff "because they may be affected by the ALJ's treatment of this case on remand."[64]

## IV. CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 29th day of January, 2021.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[63] *See Parker v. Berryhill*, No. CIV-16-1191-F, 2017 WL 5197030, at *2 (W.D. Okla. Oct. 25, 2017) (remanding where RFC limited contact with the public but the jobs identified by vocational expert required significant interaction with people).

[64] *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).